Matter of Zevin (2020 NY Slip Op 03238)





Matter of Zevin


2020 NY Slip Op 03238


Decided on June 10, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-03083

[*1]In the Matter of David Zevin, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; David Zevin, respondent. (Attorney Registration No. 4361457)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, David Zevin, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 7, 2005.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Furman Kornfeld & Brennan LLP, New York, NY (Aaron M. Barham and A. Michael Furman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 19, 2019, containing two charges of professional misconduct. The respondent filed an answer dated May 29, 2019. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of an admonition or a public censure. This matter involves the intentional withholding of the release of funds held in escrow by an attorney, to which the client was entitled, as a means of pressuring the client to make payment for disputed fees sought by the attorney for unrelated services.
As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated November 20, 2019, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on November 19, 2019, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
On July 20, 2011, the respondent was retained by Maurice Eldeiry to represent his interests in a personal injury matter and dram shop action, resulting from injuries allegedly sustained at Chateau Briand, located in Carle Place, New York. On June 13, 2012, the respondent commenced an action on behalf of Eldeiry, entitled Eldeiry v Markarian , by filing a summons and complaint dated June 6, 2012, in the Supreme Court, New York County, under Index No. 153627/12. On May 18, 2014, the respondent filed an amended summons and complaint dated May 14, 2014, in the Supreme Court, New York County, under Index No. 153627/12, adding two defendants, MKTG, Inc., and U.S. CONCEPTS, LLC, to the action.
Pursuant to a general release dated December 16, 2016, Eldeiry entered into a settlement with the defendants MKTG, Inc., and U.S. CONCEPTS, LLC. The December 16, 2016, [*2]general release was issued in consideration for the amount of $55,000, to be remitted by MKTG, Inc., and U.S. CONCEPTS, LLC. Hartford Insurance issued check no. 111453046, dated December 29, 2016, payable to "David Zevin Esq. As Atty for Maurice Eldeiry and Maurice Eldeiry," in the amount of $55,000, which constituted the settlement proceeds from the defendants MKTG, Inc., and U.S. CONCEPTS, LLC. On January 10, 2017, the respondent deposited the Hartford Insurance check into his attorney trust account, entitled "David Zevin Esq. Attorney Trust Account/IOLA," account no. xxx xxx 2865, maintained at Esquire Bank (hereinafter IOLA account). On February 5, 2017, after the withdrawal of the legal fees and expenses, the sum of $33,073.39 from the Eldeiry settlement proceeds remained in the respondent's IOLA account. Eldeiry made repeated requests to the respondent for remittance of the settlement proceeds. As of March 19, 2019, the respondent had failed to remit Eldeiry's settlement proceeds. On May 7, 2019, the respondent disbursed the entirety of the personal injury settlement proceeds to Eldeiry.
As required, the respondent conditionally admits the foregoing facts. In addition, it has been established that the respondent represented Eldeiry or an entity controlled by him in unrelated litigation and that the respondent intentionally refused to comply with Eldeiry's request for payment of the escrow funds due to a fee dispute with respect to the respondent's services in an unrelated matter.
These facts establish that the respondent: (1) failed to promptly pay or deliver to a client, as requested by the client, funds in his possession that the client is entitled to receive, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (2) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent consents to the agreed discipline of an admonition or a public censure, which consent is given freely and voluntarily, without coercion or duress. The respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his attorney.
In mitigation, the respondent asserts, inter alia, that he never converted the settlement proceeds, as the funds remained intact in his IOLA account at all times, while he attempted to negotiate legal fees that he was owed for his representation of Eldeiry as defense counsel in a separate commercial matter; that he mistakenly assumed that he could assert a lien over the personal injury settlement proceeds; that he now recognizes that it was wrongful for him to assert such a lien in order to gain leverage over his client; that he did disburse the entirety of settlement proceeds on May 7, 2019; that during the period in question, he was distracted by his father's illness and eventual death; that he regrets his actions and vows to ensure that, in the future, all client funds entrusted to him are properly maintained and timely disbursed; that he has no prior disciplinary history and cooperated with the investigation; and that he enjoys a reputation for honesty, diligence, and professionalism as demonstrated by character letters submitted on his behalf.
The parties agree that the fact that the respondent did not release the funds until after the petition was filed, despite having been advised during the investigation of this matter that he could not assert a lien on the escrowed funds, is an aggravating factor. In addition, this Court finds that the intentional acts taken by the respondent to pressure his client to pay legal fees owed in an unrelated legal matter is an additional aggravating factor.
As to the appropriate sanction, the parties contend that the admonition or public censure requested is in accord with precedent of this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted.
In determining the appropriate sanction, we have considered, inter alia, the intentional nature of the respondent's conduct and the lengthy delay in remitting settlement funds to the client. After receiving the settlement funds in January 2017, the respondent intentionally withheld his client's share of the settlement and improperly attempted to assert a lien thereon in order to pressure the client to pay the fees that the respondent was demanding for services in an unrelated matter. While the respondent asserts that, at the relevant time, he believed he could lawfully assert the lien, the record before us reflects the respondent's admission that, while he was holding the funds, he had occasion to consider whether his conduct was permissible and was aware that it was not. Even after being given due notice that his withholding of the funds was improper, he still failed to release the funds to his client. Notwithstanding his client's repeated requests for the settlement funds and the respondent's knowledge that his assertion of a lien was improper, it was not until several months after this disciplinary proceeding had been commenced that the respondent released the funds in May 2019. The respondent wrongfully used his position as a fiduciary for his client as a means for [*3]advancing his own private interests.
Under all of the circumstances, a public censure is warranted in view of the respondent's admitted misconduct, as well as the aggravating and mitigating factors presented herein (see Matter of Stella , 90 AD2d 372).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, David Zevin, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court